# In the United States Court of Federal Claims

No. 17-499
Filed: April 19, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PIONEER CREDIT RECOVERY, INC., | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER STAYING PROCEEDINGS FOR THIRTY DAYS**

Between March 28, 2017 and April 12, 2017, Continental Services Group, Inc., Account Control Technology, Inc., Pioneer Credit Recovery, Inc., and Alltran Education, Inc. (collectively "the Protestors") filed related Bid Protests in the United Court of Federal Claims, challenging the United States Department of Education's ("ED") decision not to award the Protestors contracts for student-debt collection services, under Solicitation No. ED-FSA-16-R-0009. *Continental Services v. United States*, No. 17-449, ECF No. 1; *Account Control Technology v. United States*, No. 17-493, ECF No. 1; *Pioneer Credit Recovery v. United States*, No. 17-499, ECF No. 1; *Alltran Education v. United States*, No. 17-517, ECF No. 1.

On March 27, 2017, the Government Accountability Office ("GAO") partially sustained several protests over a multiple-award $2.8 billion student-loan collection contract, awarded under Solicitation No. ED-FSA-16-R-0009, because the ED failed to properly evaluate certain bids. *See Gen. Revenue Corp.*, B-414220.2 et al. (Comp. Gen. Mar. 27, 2017).

On March 29, 2017, the court issued a Memorandum Opinion And Temporary Restraining Order ("TRO"), to prohibit, pursuant to Rule of the Unites States Court of Federal Claims ("RCFC") 65(d), the ED from:

(1) authorizing the purported awardees to perform on the contract award under Solicitation No. ED-FSA-16-R-0009 for a period of fourteen days, *i.e.* until April 12, 2017; and
(2) transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest for a period of fourteen days, *i.e.* until April 12, 2017.

*Continental Services*, No. 17-449, ECF No. 9 at 3.  On April 10, 2017, the court extended the March 29, 2017 TRO until April 24, 2017.  *Continental Services*, No. 17-449, ECF No. 56 at 2.

On April 13, 2017, the court convened a Status Conference in *Alltran*, No. 17-517, during which the Government proposed a thirty-day stay of proceedings in four Bid Protests related to Solicitation No. ED-FSA-16-R-0009. The Government advised the court that the proposed stay would maintain the *status quo* while ED explored a global solution. On the same day, the court informed all of the parties in *Continental Services*, No. 17-449, *Account Control Technology*, No. 17-493, *Pioneer Credit Recovery*, No. 17-499, and *Alltran Education*, No. 17-517 of the proposed stay.

On April 17, 2017, the Government advised the court by email that all of the parties in *Continental Services*, No. 17-449, *Account Control Technology*, No. 17-493, *Pioneer Credit*, No. 17-499, and *Alltran*, No. 17-517 agreed to the proposed stay, except intervenor-defendants Windham Professionals, Inc. ("Windham") and Premiere Credit of North America, LLC ("Premiere"). Windham and Premiere argue that the court should not enjoin the ED from authorizing the awardees, under Solicitation No. ED-FSA-16-R-0009, to perform on contracts that were properly awarded. Windham and Premiere also argue that the Protestors do not have standing to seek injunctive relief, because Solicitation No. ED-FSA-16-R-0009 was an indefinite quantity procurement and the Protestors therefore were not prejudiced by the ED's decision to award contracts to other bidders. The objections raised by Windham and Premiere, however, do not address the need for a stay. Instead, they attempt to re-litigate the merits of the March 29, 2017 TRO and April 10, 2017 TRO Extension.

The court has determined that the proposed stay properly would maintain the *status quo* while the parties attempt to reach a global solution. Accordingly, the stay will preserve judicial resources without prejudicing the interest of any of the parties. For this reason, all proceedings in *Continental Services*, No. 17-449, *Account Control Technology*, No. 17-493, *Pioneer Credit*, No. 17-499, and *Alltran*, No. 17-517 are stayed for thirty days, *i.e.* until Friday, May 19, 2017. *See Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) ("The power of a federal trial court to stay its proceedings . . . is beyond question. This power springs from the inherent authority of every court to control the disposition of its cases. When and how to stay proceedings is within the sound discretion of the trial court." (internal citations omitted)). On May 19, 2017, the parties will file a Joint Status Report and the court will convene a Status Conference thereafter at the earliest date convenient to all the parties. The Status Conference previously scheduled for April 21, 2017 is cancelled.

Under the Rules of the United States Court of Federal Claims, a TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." RCFC 65(b)(2). For this reason, on April 24, 2017, the court will extend the April 10, 2017 TRO until May 8, 2017. On May 8, 2017, the court will extend the TRO until May 22, 2017.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**